UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| EMILY ROBERTSON ETIENNE, | No. C 11-02324 LB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL** |
| v. | |
| KAISER FOUNDATION HOSPITAL, *et al.*, | **[ECF No. 41]** |
| Defendants. | |

## I. INTRODUCTION

On May 11, 2011, *pro se* Plaintiff Emily Robertson Etienne filed a complaint against Defendants Kaiser Foundation Hospital, James Hansen, MD (erroneously sued as "Dr. Hansen"), Stephen Eshelman, Hope McDaniel (erroneously sued as "Hope McDaniels"), Nchale Anderson (erroneously sued as "Nchale Henderson"), Jolynn Piazza (erroneously sued as "Joelyn, RN"), and Nancy Pope-Angulo (erroneously sued as "Nancy, RN")(collectively "Defendants") alleging Title VII violations including age and race discrimination. Complaint, ECF No. 1 at 1.[1] Ms. Etienne requested permission to proceed *in forma pauperis* and the court granted her request on August 4, 2011. Order Granting Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 6 at 1. On November 14, 2011, Ms. Etienne moved the court to appoint a lawyer to represent her in this case. Motion, ECF

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL
C 11-02324 LB

No. 41 at 1. Because this case does not present "exceptional circumstances," the court **DENIES** Ms. Etienne's motion.

## II. DISCUSSION

28 U.S.C. § 1915(e)(1) permits a court to request an attorney to represent a person who is unable to afford counsel. Unless a party may lose his physical liberty if he loses the case, there is generally no constitutional right to an attorney in a civil action. *See Lassiter v. Dep't of Soc. Serv. of Durham Cnty., N.C.*, 452 U.S. 18, 25 (1981); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (citation omitted). Nonetheless, the court may request counsel under § 1915(e)(1), but only in "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). To determine whether "exceptional circumstances" exist, the trial court should evaluate (1) the likelihood of the indigent party's success on the merits and (2) the indigent party's ability to articulate his claims in light of the complexity of the legal issues involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quotations and citation omitted).

Here, Ms. Etienne contends that appointment of counsel is proper because she is unable to obtain counsel due to her (1) mental health status, (2) financial status, and (3) transportation issues. Motion, ECF No. 41 at 1. Upon the court's review of the pleadings for the purposes of this motion, the first factor does not weigh in favor of granting counsel. Also, while Ms. Etienne is indigent, she appears to be well-equipped to present her claims, particularly in light of the lack of complexity as regards the legal issues presented. Ms. Etienne's complaint and her motion to appoint counsel are fairly well-written, well-organized, and present fairly detailed accounts of the underlying facts. Complaint, ECF No. 1; Motion, ECF No. 41. Ms. Etienne is also well-educated; she has received post-high school education, and she is a Licensed Practical Nurse and a Certified and Registered Respiratory Therapist. Response to Motion to Dismiss, ECF No. 42 at 7. Considering that the factual and legal issues surrounding Ms. Etienne's discrimination claims are not particularly complicated and that she seems competent to present her case, "exceptional circumstances" do not exist that warrant granting her request for counsel. As such, Ms. Etienne's motion for appointment of counsel is **DENIED**.

### III. CONCLUSION

Ms. Etienne's motion for appointment of counsel is **DENIED**. The court encourages Ms. Etienne to review the Northern District's *Pro Se* Handbook that is attached to this order, and to consult the San Francisco Courthouse Legal Help Center by calling (415) 782-900, ext. 8657 for further assistance. A copy of the Legal Help Center flyer is also attached to this order. Also, Ms. Etienne is encouraged to call the Bar Association of San Francisco Lawyer Referral & Information Service at (415) 989-1616 or the State Bar's Lawyer Referral Services Directory at (866) 442-2529.

This disposes of ECF No. 41.

**IT IS SO ORDERED.**

Dated: December 2, 2011

_____
LAUREL BEELER
United States Magistrate Judge