UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| EMILY ROBERTSON ETIENNE, | No. C 11-02324 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| v. | |
| KAISER FOUNDATION HOSPITAL, et al., | |
| Defendants. | [ECF No. 34] |

## I. INTRODUCTION

On May 11, 2011, Plaintiff Emily Robertson Etienne filed this lawsuit against Kaiser Foundation Hospitals ("Kaiser"), James Hanson, MD, erroneously sued as "Dr. Hensen," Stephen Eshelman, Hope McDaniel, erroneously sued as "Hope McDaniels," Nchale Anderson, erroneously sued as "Nchale Henderson," Jolynn Piazza, erroneously sued as "Joelyn, RN," and Nancy Pope-Angulo, erroneously sued as "Nancy, RN,"(collectively "Defendants"). Complaint, ECF No. 1 at 2, ¶ 6.[1] Plaintiff alleged five causes of action against all Defendants, including (1) discrimination based on race in violation of Title VII of the Civil Rights Act of 1964, (2) discrimination based on age in violation of Title VII, (3) defamation, (4) retaliation, and (5) harassment. *Id.* at 1-2, ¶¶ 4-5.

All Defendants except Kaiser (collectively "Moving Defendants") moved to dismiss the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  complaint for failure to serve Defendants within 120 days of filing the complaint, as required by
2  Federal Rule of Civil Procedure 4(m), and for failure to state a claim under Federal Rule of Civil
3  Procedure 12(b)(6). Motion to Dismiss, ECF No. 34 at 1; Notice of Joinder, ECF No. 49 at 2.

As to claims one, two, four, and five alleging race and age discrimination, retaliation and harassment in violation of Title VII, the court dismisses the claims without leave to amend for failure to state a claim under Rule 12(b)(6).

As to claim three alleging defamation, the court dismisses the claim as time barred with leave to amend to allow Plaintiff to allege facts to support equitable tolling.

Pursuant to Civil Local Rule 7-1(b), the court finds that these matters are suitable for determination without oral argument and vacates the December 15, 2011 hearing. For the reasons set forth below, the court grants Defendants' motion to dismiss. Plaintiff has fourteen days to file an amended complaint.

## II. BACKGROUND

The relevant facts, taken from Plaintiffs' complaint and documents of which Moving Defendants request judicial notice, are as follows.[2]

Plaintiff is a fifty-nine year-old African-American female employee of Kaiser. Complaint, ECF

---

[2] Defendants request that the court take judicial notice of the following documents: (1) Plaintiff Emily Robertson Etienne's Complaint of Discrimination filed with the California Department of Fair Employment and Housing ("DFEH") on April 6, 2010; (2) Right-to-Sue Notices issued by the DFEH on May 11, 2010; (3) the Summons issued to Defendant Kaiser Foundation Hospitals and filed in this court on August 25, 2011. Defendants' Request for Judicial Notice ("RJN"), ECF No. 35. Plaintiffs did not oppose the request and filed no objections challenging the authenticity of any of these documents.

The court may take judicial notice of records of state and federal agencies and other undisputed matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *Disabled Rights Action Committee v. Las Vegas Events,* 375 F.3d 861, 866 n.1 (9th Cir. 2004)(taking judicial notice of documents of the state university, a state entity); *Mach v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986)(stating that a court may take judicial notice of records of administrative agencies). Because the Complaint of Discrimination and the Right-to-Sue Notices are records maintained by a federal agency, and the Summons is a public record, the court may properly take judicial notice of the facts contained within. *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R. Evid. 201(b).

1  No. 1 at 2, ¶ 6. Plaintiff alleges she worked in the pediatric intensive care unit (PICU) of the
2  hospital. *Id.* On April 6, 2009, Plaintiff received her first write-up by James Hanson, Hope
3  McDaniel, Jolynn Piazza, and Nancy Pope-Angulo. *Id.* Plaintiff alleges that the write-up contained
4  misleading statements that she was not allowed to correct or discuss because she was not allowed on
5  the floor of the PICU. *Id.* Plaintiff alleges that, as a result of the first write-up, Stephen Eshelman,
6  the Director of Respiratory Care, recommended that Plaintiff be terminated. *Id.* Plaintiff alleges
7  that in a meeting with Eshelman, McDaniel, an HR representative, and her union representatives,
8  Plaintiff "said this was a set-up with lies." *Id.*

9  As a result of the above actions, Plaintiff filed charges with the California Department of Fair
10  Employment and Housing ("DFEH") on April 6, 2010. *Id.* at 8; Defendants' RJN, Exh. 1, ECF No.
11  35-1 at 2-9. In the Complaint of Discrimination filed with the DFEH, Plaintiff alleged that she was
12  "denied promotion," "harassed," and retaliated against because of her race and age. Defendants'
13  RJN, Exh. 1, ECF No. 35-1 at 2-9. On May 11, 2011, the DFEH issued Right-to-Sue Notices. *Id.* at
14  Exh. 2, at 11-26.

15  Plaintiff filed this lawsuit on May 11, 2011 against Kaiser and Moving Defendants. Complaint,
16  ECF No. 1. Plaintiff alleges five causes of action against all Defendants: (1) discrimination based
17  on race for failure to promote Plaintiff in violation of Title VII of the Civil Rights Act of 1964, (2)
18  discrimination based on age for failure to promote Plaintiff in violation of Title VII, (3) defamation,
19  (4) retaliation in violation of Title VII, and (5) harassment in violation of Title VII. *Id.* at 1-2, ¶¶ 4-
20  5.

21  **III. LEGAL STANDARD**

22  A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does
23  not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp.*
24  *v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads
25  factual content that allows the court to draw the reasonable inference that the defendant is liable for
26  the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard
27  is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a
28  defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557.) "While a complaint

1  attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's
2  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
3  conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual
4  allegations must be enough to raise a right to relief above the speculative level."  *Twombly,* 550
5  U.S. at 555 (internal citations and parentheticals omitted).

6   In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true
7  and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus*, 551
8  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

9   In reviewing a motion to dismiss, courts may consider documents attached to the complaint.
10 *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

11  If the court dismisses the complaint, it should grant leave to amend even if no request to amend
12 is made "unless it determines that the pleading could not possibly be cured by the allegation of other
13 facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc.*
14 *v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

### IV. DISCUSSION

**A. Service of Process**

17  Moving Defendants contend that Plaintiff's complaint should be dismissed for failure to serve
18 within 120 days, as required by Federal Rule of Civil Procedure 4(m).  Motion to Dismiss, ECF No.
19 34 at 5.

20  Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days
21 after it files the complaint.  A court must dismiss a case without prejudice if a plaintiff has not
22 complied with this provision unless the plaintiff shows good cause for its failure to serve a
23 defendant.  Fed. R. Civ. P. 4(m).  If good cause appears, the court must extend the time for service
24 for an appropriate period.  *Id.*  Even without good cause, "[c]ourts have discretion under Rule 4(m) .
25 . . to extend the time for service."  *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).  "Courts must
26 apply considerable leeway when assessing whether a *pro se* civil rights litigant's failure to comply
27 strictly with time limits . . . should be excused for good cause."  *McGuckin v. Smith,* 974 F.2d 1050,
28 1058 (9th Cir. 1992).  Courts have found that delays in service attributable to the marshal or court

UNITED STATES DISTRICT COURT
For the Northern District of California

1  clerk "automatically constitute 'good cause' preventing dismissal under Rule 4(m)." *Graham v.*
2  *Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995); *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)
3  ("[A] plaintiff should not be penalized by having his or her action dismissed for failure to effect
4  service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of
5  them.").

6  Plaintiff filed the complaint on May 11, 2011. Complaint, ECF No. 1 at 1. The 120-day service
7  deadline under Rule 4(m) was on September 8, 2011. Plaintiff served Moving Defendants on
8  September 26, 2011. Summons, ECF No. 17. However, it was not until August 4, 2011 that the
9  court granted Plaintiff's motion for leave to proceed *in forma pauperis*. 8/04/2011 Order, ECF No.
10 6.

11 Given these factors and the policy of applying considerable leeway to a *pro se* civil rights
12 litigant when considering a Rule 4(m) time limit extension, the court denies Moving Defendants'
13 motion on these grounds.

### B. Claims One, Two, Four, and Five: Title VII Claims Dismissed With Prejudice

15 In claims one, two, four, and five , Plaintiff alleges that all Defendants discriminated against her
16 based on her age and race by failing to promote her, harassing her, and retaliating against her.
17 Complaint, ECF No. 1 at 1-2, ¶¶ 4-5. Plaintiff asserts that misleading statements were made against
18 her in her write-up, and Stephen Eshelman recommended that she be terminated as a result of the
19 write-up. Complaint, ECF No. 1 at 2, ¶ 6. Plaintiff also alleges that she was not able to correct or
20 discuss the misleading statements made against her because she was not allowed on the PICU floor.
21 *Id.* at 2, ¶ 6.

#### 1. Individual Liability Under Title VII

23 Moving Defendants argue that Plaintiff's discrimination, retaliation, and harassment claims
24 should be dismissed for failure to state a claim under Rule 12(b)(6) because Moving Defendants
25 cannot be held individually liable under Title VII. Motion to Dismiss, ECF No. 34 at 5-6. Moving
26 Defendants contend that under Title VII, only an "employer" may be held liable for discrimination
27 against an employee. *Id.* at 5; *see* 42 U.S.C. § 2000e-3(a). It is undisputed that Kaiser was
28 Plaintiff's employer at the time of the alleged discrimination, and Moving Defendants argue that all

1 of the remaining defendants were "other medical staff and Plaintiff's supervisors - the director and
2 assistant director of the Respiratory Care Department." Motion to Dismiss, ECF No. 34 at 6.
3 Because they are individuals, Moving Defendants argue, they cannot be held liable under Title VII.
4 *Id.*

5 The term "employer", as used in Title VII, means "a person engaged in an industry affecting
6 commerce who has fifteen or more employees . . . and any agent of such a person . . ." 42 U.S.C. §
7 2000e(b). While some courts have held that supervisors and other agents are employers within the
8 meaning of Title VII, *see, e.g., Hamilton v. Rodgers,* 791 F.2d 439, 442-43 (5th Cir. 1986) (citing
9 *Jones v. Metropolitan Denver Sewage Disposal Dist.,* 537 F. Supp. 966, 970 (D.Colo. 1982)),
10 *limited by*, *Harvey v. Blake,* 913 F.2d 226, 227-28 (5th Cir. 1990), the Ninth Circuit has held that
11 "individual defendants cannot be held liable for damages under Title VII." *Miller v. Maxwell's*
12 *Intern. Inc.,* 991 F.2d 583, 587 (9th Cir. 1993). Plaintiff did not allege any facts to support the
13 conclusion that any of the Moving Defendants were employers within the meaning of Title VII and,
14 indeed, from the face of the complaint, they are medical staff at the employer, Kaiser. Plaintiff also
15 does not dispute that they are staff. Therefore Moving Defendants' motion to dismiss claims one,
16 two, four, and five is granted without leave to amend.

17 **C. Claim Three: Defamation Claim Dismissed Without Prejudice**

18 Plaintiff's third claim is for defamation. Complaint, ECF No. 1 at 2, ¶ 4. In order to state a
19 claim for defamation, Plaintiff must allege facts that establish there was "(a) a publication that is (b)
20 false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that
21 causes special damage." *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007) (citing 5 Witkin, Summary of
22 Cal. Law (10th ed. 2005) Torts, § 529, p. 782). Moving Defendants argue that Plaintiff's defamation
23 claim should be dismissed as time-barred because California's one-year statute of limitations for
24 common law defamation started to run in April 2009, when the alleged write-up occurred. Motion
25 to Dismiss, ECF No. 34 at 6. Plaintiff did not file the present action until May 2011, more than two
26 years after the alleged defamation took place. Complaint, ECF No. 1; Motion to Dismiss, ECF No.
27 34 at 6.

28 Even if Moving Defendants are correct, though, equitable tolling of the statute of limitations may

be appropriate here.  The Ninth Circuit has held that equitable tolling is available in limited circumstances, such as when there is a defective filing, "when a claimant was tricked by an adversary into letting a deadline expire, and when the [agency's written] notice of the statutory period was clearly inadequate," but courts generally do not allow equitable tolling when a claimant simply "fails to exercise due diligence in preserving his legal rights." *Lehman v. U.S.* 154 F.3d 1010, 1016 (9th Cir. 1998).  Additionally, when a Plaintiff must first pursue administrative remedies, as is the case here, equitable tolling may be appropriate if Plaintiff establishes "(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend the second claim; and (3) good faith and reasonable conduct by plaintiff in filing the second claim." *Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1137-38 (9th Cir. 2001).  As for the second requirement, "the facts of the two claims should be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Id.* at 1138.

Although this second requirement is met because the Title VII claims to the DFEH arose from the same write-up as the defamation claim in the present suit, *see Smith v. SEIU United Healthcare Workers West*, No. C 05-2877 VRW, 2006 WL 2038209, at *8 (N.D. Cal. July 19, 2006) (stating that, in defending a retaliation claim involving a letter about Plaintiff in administrative proceeding, Defendant would have necessarily had to collect evidence to rebut a defamation claim involving the same letter), Plaintiff has not alleged any facts to establish the other two requirements.

## V.  CONCLUSION

Based on the foregoing, the court **GRANTS** Defendants' motion.  Plaintiffs' claims are dismissed as follows: claims one, two, four, and five alleging violations of Title VII are dismissed with prejudice.  Claim three alleging defamation is dismissed without prejudice.

Plaintiffs may file a First Amended Complaint within 14 days of this order.

This disposes of ECF No. 34.

**IT IS SO ORDERED.**

*LB* (signature)

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
C 11-02324 LB

7

Dated: January 11, 2012

_____
LAUREL BEELER
United States Magistrate Judge