UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Oakland Division

| | |
|---|---|
| EMILY ROBERTSON ETIENNE, | No. CV11-02324 LB |
| Plaintiff, | |
| v. | **ORDER REGARDING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DEFENDANT'S DISCOVERY LETTER** |
| KAISER FOUNDATION HOSPITAL, *et al.*, | |
| Defendants. | [ECF Nos. 61 and 62] |

On March 9, 2012, *pro se* Plaintiff Emily Robertson Etienne filed a motion requesting an extension of time to finish her deposition by Defendants Kaiser Foundation Hospital, *et al.*, explaining that her doctor advised her to avoid anxiety – and postponing the deposition – until March 27, 2012, by which time her medication would be optimized. ECF No. 61 at 1-2. On March 15, 2012, Defendant submitted a discovery letter in which Defendant described how Plaintiff has not provided Defendant with any written responses to its discovery requests and has not sat for noticed deposition sessions. ECF No. 62 at 1.

Given the timing of this order, Plaintiff's medical condition should no longer be at issue. And, although it is too late to grant Defendant's specific requested relief, the court recognizes the issues here. The court believes a case management conference might aid the process. Accordingly, the court **SETS** a case management conference for 10:30 a.m. on April 12, 2012 at 450 Golden Gate Avenue, Courtroom C, 15th Floor, San Francisco, California. Plaintiff is ordered to bring documents

ORDER
CV 11-02324 LB

responsive to Defendants' requests, if she has not already provided them by then. Additionally, the court will work with the parties to schedule a deposition date at the case management conference. As discussed below, if Plaintiff fails to comply, she may face monetary sanctions or dismissal.

The court advises Plaintiff that she is required to comply with the discovery rules. Federal Rule of Civil Procedure 37 provides for sanctions for failure to make disclosures or cooperate in discovery. For example, under Rule 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may dismiss the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(C). A party's failure to attend its own deposition also opens it up to sanctions under Rule 37(d). *See Hilao v. Estate of Marcos*, 103 F.3d 762 (9th Cir. 1996). And, while courts may consider a litigant's *pro se* status as a factor when determining the latitude to be afforded the litigant during discovery, *see Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991), a "flagrant, bad faith disregard of discovery duties" may result in dismissal. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990); *see, e.g., Gordon v. County of Alameda*, No. CV-06-02997-SBA, 2007 WL 1750207, at *2-*6 (N.D. Cal. June 15, 2007) (dismissing case and imposing monetary sanctions for willful discovery violations).

This disposes of ECF Nos. 61 and 62.

**IT IS SO ORDERED**.

Dated: April 2, 2012

_____
LAUREL BEELER
United States Magistrate Judge