1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        San Francisco Division

11   EMILY ROBERTSON ETIENNE,                    No. C11-02324 LB

12              Plaintiff,

13        v.                                      **ORDER RE DISCOVERY**

                                                  [ECF No. 85]
14   KAISER FOUNDATION HOSPITAL, *et al.*,

15              Defendants.
     _____/
16

17

18          **I.  INTRODUCTION AND ORDER TO RESPOND TO DISCOVERY**

19        On June 15, 2012, Kaiser filed a letter brief alerting the court that Ms. Etienne had not responded

20   to Kaiser's interrogatories or document requests and asking the court to order Ms. Etienne to

21   respond by July 25, 2012.  *See* ECF No. 85.  Ms. Etienne did not oppose Kaiser's request.  *See* ECF

22   No. 72 (Ms. Etienne has 7 days to respond to any discovery letter brief filed by Kaiser).

23        Accordingly, and for the reasons set forth in Kaiser's letter, the court orders Ms. Etienne to

24   respond to Kaiser's discovery requests by July 25, 2012.

25          **II.  DISCOVERY RULES AND CONSEQUENCES FOR FAILURE TO RESPOND**

26        The court advises Ms. Etienne that under Federal Rules of Civil Procedure 34, a party answering

27   a request for the production of documents must provide a written response within 30 days of service.

28   Fed. R. Civ. P. 34(b)(2).  The response must include a specific objection, an answer to the

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

interrogatory, or an agreement to produce the documents requested.  Fed. R. Civ. P. 34(b)(2)(A) &
(B).  Ms. Etienne must respond to each interrogatory separately and fully.  Fed. R. Civ. P. 33(b)(3).
She may "specify[] the records" from which the answer may be derived or ascertained.  Fed. R. Civ.
P. 33(d)(1).  And as the court informed her previously, she must supplement or correct her earlier
responses to interrogatories or requests for production if she learns that they are incomplete or
incorrect.  *See* Fed. R. Civ. P. 26(e).

The court also warns Ms. Etienne that Federal Rule of Civil Procedure 37 allows the court to
compel disclosure when a party has not provided the discovery in a timely fashion.  The court may
grant a motion to compel upon certification that the moving party attempted in good faith to obtain
the discovery without court action.  Fed. R. Civ. P. 37(a)(1).  If the motion is granted, the court must
– after giving an opportunity to be heard – require the disobedient party, the attorney, or both to pay
the other party's "reasonable expenses, including attorney's fees, caused by the failure to comply,
unless the failure was substantially justified or other circumstances make an award of expenses
unjust."  Fed. R. Civ. P. 37(b)(2)(C).  The disobedient party need not willfully disobey the court's
order to trigger an award of reasonable expenses under Rule 37.  *See Lew v. Kona Hosp.*, 754 F.2d
1420, 1427 (9th Cir. 1985).

There are other consequences if Ms. Etienne disobeys the court's order to respond to Kaiser's
discovery requests.  Different provisions of Rule 37 provide a court with authority to sanction a
party for discovery violations.

First, Rule 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit
discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending
may issue further just orders."  "These may include . . .  (ii) prohibiting the disobedient party from
supporting or opposing designated claims or defenses, or from introducing designated matters in
evidence; [and] . . . (v) dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P.
37(b)(2)(A).[1]  These sanctions are not available unless a court's discovery order has not been

_____

[1] A district court may also dismiss an action for failure to prosecute pursuant to Federal Rule
of Civil Procedure 41(b).  *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*,
932 F.2d 795, 797 (9th Cir. 1991).  "[F]ailure to prosecute diligently is sufficient by itself to justify a

1  obeyed.  *Id.*  "Sanctions may be imposed even for violation of a court's oral order, as long as a party

2  has "unequivocal notice that a court has asked that certain documents be produced."  *Unigard Sec.*

3  *Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (citing *Henry v.*

4  *Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974)).  Also, "[i]nstead of or in addition to the orders above,

5  the court must order the disobedient party, the attorney advising that party, or both to pay the

6  reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

7  substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P.

8  37(b)(2)(C).

9      Second, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness

10  as required by Rule 26(a) or (e) [which here means that if Ms. Etienne fails to supplement her

11  responses as required by Rule 26(e)], the party is not allowed to use that information or witness to

12  supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified

13  or is harmless."  "In addition to or instead of this sanction, the court, on motion and after giving an

14  opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's

15  fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other

16  appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."  Fed. R. Civ. P.

17  37(c)(1).  A sanction under Rule 37(c)(1) does not require a violation of a court order as a

18  prerequisite.  *Compare* Fed. R. Civ. P. 37(c)(1) *with* Fed. R. Civ. P. 37(b)(2)(A); *see* Schwarzer,

19  Tashima, and Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. before Trial § 11:2340-41 (The Rutter

20  Group 2011).

21          **III.  REVIEW OF DISCOVERY RESPONSES AND FURTHER GUIDANCE**

22      The court reviewed Ms. Etienne's response to Kaiser's document requests.  *See* ECF No. 71.  As

23  Kaiser points out in its letter brief, Ms. Etienne did not provide any response but instead identified

24  documents that she wanted.  That is not a sufficient response. For example, if Ms. Etienne has

25  responsive documents in her custody or control, she must state that.  *See* Fed. R. Civ. P. 34(a)(1).  If

26  _____

27  dismissal."  *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976).  "But only unreasonable
    delay will support a dismissal for lack of prosecution."  *Nealey v. Transportacion Maritima*

28  *Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980) (emphasis added).

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1    she does not, she should say that too.  Nor do her responses state that a diligent search and

2    reasonable inquiry have been made in an effort to locate the documents requested.

3         The court previously advised Ms. Etienne that she could seek assistance from the Legal Help

4    Center, a free service of the Volunteer Legal Services Program, by calling 415-782-9000, extension

5    8657, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San

6    Francisco, 450 Golden Gate Avenue, San Francisco, California.  *See, e.g.,* ECF No. 47.  At the Legal

7    Help Center, Ms. Etienne will be able to speak with an attorney who may be able to provide basic

8    legal help but not representation.  The court also provided Ms. Etienne with a copy of the district

9    court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at

10   every stage of the case, including discovery, motions, and trial.  The court reminds Ms. Etienne that

11   while the court appreciates the stress that litigation poses, she must comply with all discovery rules,

12   and these resources will help her do that.

## IV.  CONCLUSION

13        The court orders Ms. Etienne to respond to Kaiser's discovery requests by July 25, 2012.  Failure

14   to do so may result in the imposition of sanctions as discussed in this order.

15        This disposes of ECF No. 85.

16   **IT IS SO ORDERED.**

17   Dated: July 2, 2012                                    _____

18                                                          LAUREL BEELER
                                                            United States Magistrate Judge